IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY ELIZABETH CERA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO.  20-6116 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                              November 10, 2021

Mary Elizabeth Cera ("Plaintiff") seeks review of the Commissioner's decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

**I.      PROCEDURAL HISTORY**

Plaintiff was born on March 6, 1976, and protectively filed for SSI and DIB on December 15, 2016, alleging disability as of April 2, 2010, due to chronic Hepititis C, bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), post-traumatic stress disorder ("PTSD"), degenerative disc disease ("DDD"), insomnia, chronic obstructive pulmonary disease ("COPD"), depression, and anxiety.  Tr. at 74, 91, 318, 322, 355,

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action.  No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

362.² After her claims were denied initially, id. at 74-90, 91-107, and on reconsideration, id. at 110-26, 127-43, she requested a hearing before an administrative law judge ("ALJ"), id. at 176, which occurred on September 9, 2019. Id. at 47-73. On September 26, 2019, the ALJ issued his decision denying Plaintiff's claims. Id. at 25-37. On October 1, 2020, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's September 26, 2019 decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981; 416.1472.

Plaintiff initiated this action by filing her complaint on December 3, 2020. Doc. 1. In response to Plaintiff's brief in support of her request for review, see Doc. 15, Defendant filed an uncontested motion for remand to allow an ALJ to "reevaluate the nature and severity of [Plaintiff's] substance abuse impairments, including whether she met the Paragraph 'B' or 'C' criteria; further evaluate [Plaintiff's] residual functional capacity ["RFC']; offer [Plaintiff] an opportunity for a new hearing; and take any action necessary to further evaluate the case and complete the administrative record." Doc. 16 at 1-2.³

---

²Plaintiff had filed prior applications in 2012, which were denied initially and at the reconsideration level. Tr. at 75, 362. To be entitled to DIB, a claimant must establish that she became disabled on or before her date last insured. Plaintiff's date last insured is September 30, 2014. See id. at 74.

³The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 5.

**II.     DISCUSSION**

In her Brief and Statement of Issues, Plaintiff challenges the ALJ's consideration of the mental health treatment and opinion evidence in the record, specifically the opinions offered by treating psychiatrist Daniel Lache, M.D.  Doc. 15 at 3-18.  Additionally, Plaintiff complains that the ALJ failed to include the limitations found by the non-treating psychologists upon whom the ALJ relied, id at 19-20, and failed to properly evaluate Plaintiff's subjective statements.  Id. at 20-23.  Because remand is uncontested, I will comment only briefly on Plaintiff's arguments.

Review of the record reveals that Plaintiff suffers from COPD, PTSD, bipolar disorder, anxiety, osteopenia, degenerative joint disease, polyarthralgia, polymyalgia, insomnia, depression, bony spurs in the thoracic spine, temporomandibular joint disorder, and lumbago.  Tr. at 809, 815, 820, 827.  Plaintiff's claims focus on her mental impairments.  Doc. 15 at 3 n.7.

In his decision, the ALJ gave limited weight to the assessments completed by Daniel Lache, M.D., Plaintiff's treating psychiatrist, and great weight to the opinions of two State agency psychological consultants who conducted records reviews at the initial and reconsideration levels.  Tr. at 33-35 (citing id. at 74-107, containing opinions of Alex Siegel, Ph.D., and Jose Acuna; and Dr. Lache's assessments at 827-31, 3903-04, 3972-78).  The record contains three mental health assessments by Dr. Lache.  In April 2017, the doctor opined that Plaintiff suffered from moderate limitations in several areas with respect to understanding and memory, concentration and persistence, social interactions, and adaptation.  Id. at 830.  In addition, he found that Plaintiff had moderate-to-marked

3

limitation in her abilities to maintain attention and concentration for extended periods, interact with the public, accept instructions and respond to criticism.  Id.  In March 2019, Dr. Lache opined that Plaintiff was limited in her abilities to participate in small group settings, deal with constructive feedback, be punctual and keep a schedule, and participate in training or educational programs.  Id. at 3904.  In May 2019, the doctor opined that Plaintiff had moderate-to marked or marked limitations in ten areas of mental functioning.  Id. at 3977.  In giving Dr. Lache's assessments little weight, the ALJ noted that the mental status exams ("MSE") throughout the record do not support marked or moderate-to-marked limitations, id. at 34, and suggested that Plaintiff's increased mental symptomatology was related to her substance use.  Id. at 35.  However, Plaintiff cited numerous abnormal MSEs in the record, see Doc. 15 at 5-6 (citing tr. at 1529-30 (11/6/13 – Abrielle Conway, M.S.), 1522 (11/6/13 – Lajuana Collins-Morgan, M.D.), 1508 (12/13/13 – Thorayya Giovanelli), 1481 (1/8/14 – Curtis K. Greaves), 1446 (5/21/14 – Maninder Singh, M.D.).  Moreover, Dr. Lache specifically noted moderate-to-marked and marked limitations "in the absence of drug or alcohol abuse."  Id. at 3972.  Thus, reconsideration of the mental health treatment evidence and Dr. Lache's assessments is in order.  Such reconsideration may impact the ALJ's consideration of Plaintiff's subjective statements.  Therefore, I will grant the motion for remand.

### III.  CONCLUSION

For the foregoing reasons, I will grant the Defendant's motion for remand.  An appropriate Order and Judgment Order follow.